UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KMAG Holdings Group, Inc., et al., | ) | CASE NO.  1:15 CV 66 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| J. Philip Chubb Insurance Agency, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon defendants Amgad William Abdou, M.D.'s and Albair Guirguis's Motion to Remand to State Court (Doc. 7). This is an insurance coverage declaratory judgment action originating in state court. For the following reasons, the motion is DENIED.

**Facts**

Plaintiffs KMAG Holdings Group, Inc. dba Pump It Up Of Avon (KMAG); Michael Davies; PIU Management, LLC, PIU Holdings, LLC (collectively, PIU); Mullikin Management, LLC dba Pump It Up AKA PIU-Avon, J. Michael Mullikin (collectively, Mullikin); and William

1

Scullin filed this Complaint for Declaratory Judgment in the Cuyahoga County Common Pleas Court against defendants J. Philip Chubb Insurance Agency, J. Philip Chubb (collectively, Chubb); Lexington Insurance Company (Lexington); Amgad William Abdou, M.D.; and Albair Guirguis.  Defendant Lexington filed a Notice of Removal to this Court on the basis of diversity of citizenship.

This case arises out of an underlying tort action filed in the Cuyahoga County Court of Common Pleas in 2012 by Amgad William Abdou, M.D. and Albair Guirguis (Abdou's brother and power of attorney) against numerous defendants including all the named plaintiffs herein. The case alleged that Abdou was catastrophically injured in an inflatable obstacle course amusement ride at the Pump It Up inflatable party center owned and operated by KMAG. Plaintiffs voluntarily dismissed that case with prejudice on January 27, 2015 against all defendants after obtaining confidential consent judgment entries against KMAG and Michael Davies on January 5, 2015 and against Mullikin Management and William Scullin on January 14, 2015.

The herein Complaint, filed on December 8, 2014, arises from Lexington's denial of insurance coverage for Abdou's claims in the underlying action. Plaintiffs allege that Chubb represented that KMAG, Davies, and Mullikin had excess liability coverage under a policy issued by Lexington which should have been in place at the time of Abdou's injury. But, when notice of Abdou's injury was given to Chubb, Chubb advised "that KMAG did not have an excess umbrella policy with Lexington as Chubb had represented and promised to obtain." Six claims are asserted.  Counts One through Four allege breach of contract, professional negligence, breach of fiduciary duty, and negligent misrepresentation against Chubb.  Count Five alleges

2

breach of contract against Lexington.  Count Six seeks declaratory relief against all defendants.

On December 19, 2014, PIU executed an assignment that transferred its interest in the Lexington Policy and assigned all claims against Lexington and Chubb to Abdou and Guirguis. On that date, KMAG executed an assignment to the same effect. On December 30, 2014, Mullikin and Scullin also assigned all claims against Lexington and Chubb to Abdou and Guirguis. (Doc. 10)  The Notice of Removal was filed on January 12, 2015.

This matter is now before the Court upon defendants Amgad William Abdou, M.D.'s and Albair Guirguis's Motion to Remand to State Court.

**Discussion**

A case may be removed from state court by the defendant if the federal court has original jurisdiction, including diversity of citizenship jurisdiction, over the case. 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). A federal court must resolve any doubt concerning the propriety of removal in favor of state court jurisdiction. The defendant bears the burden of establishing that removal was proper. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir.2000).

Defendant Lexington removed on the basis of diversity of citizenship.  Defendant Chubb consented to the removal.  Plaintiffs KMAG, Davies, Mullikin Management, and Scullin are citizens of Ohio. Defendants Chubb and Lexington are not. Lexington stated in its Notice of Removal that Ohio defendants Abdou and Guirguis are nominal parties and, consequently, their consent is not required for removal and their citizenship does not impact the diversity of the action. "And/or," Lexington stated, these defendants should be properly aligned as party

3

plaintiffs in the Complaint to reflect their actual interests.

Defendants Abdou and Guirguis seek remand to state court arguing that there is a lack of complete diversity due to Abdou's and Guirguis's Ohio citizenship, and that Lexington did not obtain their consent to removal. Abdou and Guirgis contend that they are not nominal parties because the Ohio declaratory judgment statute requires that they be named as parties to the action. Additionally, defendants assert that realignment is not proper and would not cure the diversity defect. For the following reasons, the Court finds that realignment is proper.

The parties agree that it is this Court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation. Pointing out that the Complaint names these defendants only to comply with Ohio's declaratory judgment statute, Lexington contends that Abdou's and Guirguis's sole interest herein aligns exactly with the plaintiffs' interest to establish coverage as Abdou and Guirguis are assignees seeking payment under plaintiffs' alleged liability coverage. Under the assignments, these defendants have been assigned all of plaintiffs' alleged interests in the Lexington policy as well as all of plaintiffs' claims in this action. Lexington also points out that the assignments assign complete control of the action to Abdou and Guirguis.

The Sixth Circuit determined in *Cleveland Housing Renewal Project v. Deutsche Bank Trust Company*, 621 F.3d 554 (6th Cir. 2010), that the district court properly realigned the City, a non-diverse defendant, as a plaintiff which created complete diversity between all plaintiffs and all defendants: "We hold that the district court properly realigned the City as a plaintiff and properly held there is complete diversity between the parties for purposes of subject matter jurisdiction." That case involved an action brought by a housing renewal project against a bank

4

that held title in various vacant properties which had public nuisance violations. The complaint did not allege a cause of action against the City or seek relief from it. Rather, the City was added as a defendant in the complaint as an entity that "may have or claim to have some interest in real property that is the subject of this action by virtue of code violations, utility assessments, and nuisance abatement costs."

The Court agrees with Lexington that, as assignees, Abdou and Guiguis would be the ultimate beneficiaries of the indemnification sought by plaintiffs from Lexington and Chubb. Because the interests of Abdou and Chubb are directly aligned with plaintiffs and against the other defendants in the action, realignment is appropriate and complete diversity exists.[1]

For these reasons, the Motion for Remand to State Court is denied.

---

[1] Additionally, "In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904 (6th Cir. 1999) (citing *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 908 (6th Cir.1993)). At the time this Complaint was filed in state court on December 8, 2014, the underlying state tort action was pending and Abdou and Guirguis were neither assignees nor judgment creditors and, thus, they were required parties under Ohio's declaratory judgment statute. However, before the Notice of Removal was filed, Abdou and Guirguis became assignees and possibly judgment creditors. Thus, they were no longer required parties, but became merely nominal, and the case became removable. *See* 28 U.S.C. § 1446(b)(3) ("[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.")

IT IS SO ORDERED.



                                            /s/ Patricia A. Gaughan  
                                            PATRICIA A. GAUGHAN  
Dated: 3/23/15                United States District Judge